# K&L GATES

| | |
|---|---|
| April 15, 2019 | Patrick J. McElhinny<br>patrick.mcelhinny@klgates.com<br><br>T +1 412 355 6334<br>F +1 412 355 6501 |

**VIA CM/ECF AND HAND DELIVERY**

The Honorable James Donato
U.S. District Court for the Northern District of California
45 Golden Gate Avenue, Courtroom 11, 19th Floor
San Francisco, CA  94102

**Re:** *Carnegie Mellon University v. LSI Corporation et al.*, Case No. 3:18-cv-04571-JD

Dear Judge Donato:

Pursuant to Paragraph 18 of the Court's Standing Order for Discovery in Civil Cases ("Standing Order"), Carnegie Mellon University ("CMU") asks the Court to compel Defendants LSI Corporation and Avago Technologies U.S. Inc. ("LSI") by May 3, 2019 (1) to substantially complete their production of documents responsive to CMU's Requests for Production of Documents ("RFPs") and (2) to comply with Paragraph 2 of the Standing Order by "confirm[ing] in writing that they have produced all such materials so described [in their written responses] that are locatable after a diligent search of all locations at which such materials might plausibly exist."  LSI has repeatedly delayed providing written responses that comply with the Standing Order, its production of documents for some of CMU's requests is now as much as five months overdue, and LSI has refused to promise that it will complete its production any time soon.

Counsel for CMU met and conferred with counsel for LSI pursuant to the Court's Standing Order and the Local Civil Rules but the parties were unable to resolve this dispute.[1]

**Factual Background**

On October 18, CMU served its First Set of RFPs seeking, among other things, technical information regarding the development, design and operation of the Accused Devices (RFP Nos. 1-6, 10, 12, 19), LSI's communications and instructions to customers regarding use of the Accused Devices (RFP Nos. 7-9, 11, 13), LSI's knowledge of the Patents-in-Suit (RFP Nos. 15-17, 21), and LSI's design-around efforts and non-infringement assertions (RFP Nos. 24-25).  *See* Ex. 1.  LSI served objections and responses to CMU's First Set of RFPs on November 19.  *See* Ex. 2.  LSI did not produce any documents with its responses.

As described in CMU's December 12 discovery letter (Dkt. 50), LSI objected to CMU's RFPs as "premature" and refused to produce any technical documentation except in connection with its Local Patent Rule 3-4 disclosures, which were due on February 18.  *Id.* at 6-15, 24-25.  On December 26, the Court overruled LSI's objections and ordered LSI to produce documents in response to CMU's First Set of RFPs on a "reasonable time table."  LSI did not produce ***any*** documents in compliance with the Court's order until ***over a month later***, on February 6.

---

[1] More than 50 miles separate lead counsel for the parties, so they conferred via telephone on April 1 and in writing on March 21, March 29, April 5, April 9, April 12, and April 15.

CMU served its Second Set of RFPs on November 9, seeking, among other things, information relevant to damages, including sales of the Accused Devices (RFP Nos. 3-7), analyses of the benefits of the Accused Technology (RFP Nos. 14-15), financial statements (RFP No. 28), analyses of the read channel market (RFP Nos. 22-26) and LSI's licensing practices (RFP Nos. 29, 33-36).  See Ex. 3.

LSI served written responses (but no documents) on December 17.  See Ex. 4.  LSI's written responses did not comply with this Court's Standing Order.  Among other things, LSI's responses failed to identify the full extent to which LSI would produce the requested materials.  The next day, CMU requested a meet and confer.  LSI did not substantively respond until January 8, when it informed CMU that it was not available to meet and confer until the week of January 21.  The parties finally met and conferred on January 25 and LSI served supplemental objections and responses to CMU's Second Set of RFPs on February 4.  See Ex. 5.  Again, LSI did not produce any documents with its supplemental responses.

CMU served its Third Set of RFPs on February 22, seeking, among other things, information regarding LSI's relationship with Seagate (RFP No. 1-6) and the development, design, operation, and sale of specific LSI products (RFP No. 7-14).  See Ex. 6.  LSI served written responses to CMU's Third Set of RFPs on March 25 that did not comply with the Court's Standing Order and again produced no accompanying documents.  See Ex. 7.  In fact, for two-thirds of the RFPs, LSI refused to make any representations about what it would produce in response to the RFPs as written, and instead stated that it was "willing to meet and confer to better understand the scope and relevance" of the RFPs.  The parties met and conferred on April 1, and although LSI has represented it will produce "responsive" documents "subject to [Defendants'] other objections," to date LSI has not served amended responses that state the scope of what it intends to produce or a date for the production.

Despite having been served with CMU's First Set of RFPs almost six months ago and CMU's Second Set of RFPs over five months ago, as of April 14, LSI had produced only 4,030 documents (exclusive of source code), which includes documents produced as part of LSI's required disclosures under LPR 3-4 and not necessarily in response to CMU's RFPs.  Moreover, the documents LSI had produced by that date were responsive only to a narrow subset of CMU's RFPs.  It does not appear that LSI's productions through April 14 include **any** documents responsive to (1) First Set RFP Nos. 7, 9, and 12-22, (2) Second Set RFP Nos. 5-8, 14-15, 18-20, 22-26, 28, 40-41, and 43-44, or (3) the Third Set of RFPs.

As a result of LSI's paltry and inconsistent rolling productions, beginning on February 21, CMU has repeatedly requested LSI to provide a date certain by which it would be substantially complete in its production of documents.  LSI, however, refused to substantively respond, indicating only that it was purportedly continuing to search for and collect documents responsive to CMU's RFPs and that it would continue "rolling out" document productions.  Most recently, LSI indicated it "expects" to substantially complete a limited subset of its production by April 21, and would "continue to work" to provide "an estimated date of substantial completion for the remaining documents" responsive to CMU's First and Second Set of RFPs by April 18, the same day as the upcoming conference with the Court.[2]  CMU objected to LSI's proposed timing because it would prevent CMU from addressing LSI's refusal to commit to a date certain at the April 18 conference. CMU also indicated that, without a more definitive commitment from LSI

---

[2] LSI made no representations as to its production in response to CMU's Third Set of RFPs.

by April 15, it would move for an order requiring production by a date certain.  On April 15, LSI again refused to provide the requested date certain, while making an additional production of 320 documents, the bulk of which consists of technical documentation.  Moreover, LSI again provided no information about how close it is to substantial completion of its production, leaving CMU in the dark about how it can plan the remainder of discovery.

**The Court Should Order LSI to Promptly Complete its Production by a Date Certain**

LSI's refusal to commit to a date certain for substantial completion of its production is indefensible.  LSI is obligated to commit to a date certain for completion of its production.  *See* Fed. R. Civ. P. 34(b)(2)(B) ("The production must … be completed no later than the time … specified in the request or another reasonable time specified in the response."); Fed. R. Civ. P. 34 2015 Adv. Comm. Note ("When it is necessary to make the production in stages the response should specify the beginning and end dates of the production."); *KST Data, Inc. v. DXC Tech. Co.*, 217CV7927SJOSKX, 2018 WL 6071424, at *1 (C.D. Cal. Oct. 11, 2018) ("Under the 2015 revisions…, responding parties must provide dates certain for document productions.").

LSI's repeated failure to do so violates both the letter and spirit of the discovery rules.  *See Sarieddine v. D&A Distrib., LLC*, 217CV2390DSFSKX, 2018 WL 5094937, at *4 (C.D. Cal. Apr. 6, 2018) (defendants violated Rule 34 because, *inter alia*, they "failed to specify the time for production"); *Fischer v. Forrest*, 14CIV1304PAEAJP, 2017 WL 773694, at *3 (S.D.N.Y. Feb. 28, 2017) (defendants' responses deficient because they did not provide a date certain for production); *cf. Aureflam Corp. v. Pho Hoa Hiep, Inc.*, C04-03824 JWRS, 2006 WL 2411411, at *1 (N.D. Cal. Aug. 18, 2006) ("Parties are expected to comply with their production obligations in a timely manner … because it is their legal obligation to do so.").

The parties are now six months into discovery, which should have been more than enough time for LSI, an experienced litigant with ample resources, to complete its collection and production of responsive documents, or at least to determine where it stood in the process.  Yet LSI repeatedly refused to provide CMU with any concrete information about its expected production timeline, and in its latest communication again simply kicks the can down the road for a significant portion of CMU's requested discovery.

CMU has already been prejudiced by LSI's delinquent and deficient production.  CMU was forced to prepare and serve infringement contentions without access to technical information on at least four series of Accused Devices or to source code.  CMU likewise had to prepare and serve damages contentions without any production of documents covered by CMU's Second Set of RFPs.  As a result, CMU eventually will need to supplement both.  LSI's months-long rolling production still has no end in sight and continues to prejudice CMU's ability to prosecute this case, including performing email and follow-up discovery and scheduling depositions.

Accordingly, LSI should be ordered to complete its production promptly.  *See KST Data*, 2018 WL 6071424, at *1 (ordering production within eleven days); *NexGen HBM, Inc., et al. v. ListReports, Inc.*, 217CV06522ABSK, 2018 WL 6438572, at *2 (C.D. Cal. Sept. 6, 2018) (defendants must provide date certain for production).

CMU respectfully requests that the Court order LSI to substantially complete its production and confirm the same pursuant to Paragraph 2 of the Court's Standing Order by May 3, 2019.

Respectfully submitted,

/s/ Patrick J. McElhinny
Counsel for Plaintiff Carnegie Mellon University