Harold H. Davis, Jr. (SBN 235552)
harold.davis@klgates.com
**K&L Gates LLP**
4 Embarcadero Center, Suite 1200
San Francisco, CA 94111
Tel: (415) 882-8200
Fax: (415) 882-8220

Patrick J. McElhinny, *pro hac vice*
patrick.mcelhinny@klgates.com
Mark G. Knedeisen, *pro hac vice*
mark.knedeisen@klgates.com
Christopher M. Verdini, *pro hac vice*
christopher.verdini@klgates.com
Anna Shabalov, *pro hac vice*
anna.shabalov@klgates.com
**K&L Gates LLP**
K&L Gates Center
210 Sixth Avenue
Pittsburgh, Pennsylvania 15222
(412) 355-6500

Theodore J. Angelis, *pro hac vice*
theo.angelis@klgates.com
**K&L Gates LLP**
925 Fourth Avenue, Suite 2900
Seattle, WA 98104
(206) 623-7580

*Counsel for Plaintiff
Carnegie Mellon University*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| CARNEGIE MELLON UNIVERSITY,<br><br>Plaintiff,<br><br>v.<br><br>LSI CORPORATION and AVAGO TECHNOLOGIES U.S. INC.,<br><br>Defendants. | Case No. 3:18-cv-04571-JD<br><br>**DECLARATION OF CHRISTOPHER VERDINI IN SUPPORT OF PLAINTIFF CARNEGIE MELLON UNIVERSITY'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE UNDER SEAL** |

I, Christopher Verdini, declare:

1. I am an attorney at K&L Gates LLP in its Pittsburgh, PA office. I, along with other attorneys at K&L Gates LLP, represent Carnegie Mellon University ("CMU") in this action.

2. Pursuant to Civil L.R. 79-5(d) and (e), I submit this declaration in support of CMU's Administrative Motion for Leave to File Under Seal. CMU moves to seal portions of the Opposition to Defendants' Motion to Strike Portions of Plaintiff's Corrected Reply in Support of its Motion for Leave to Amend Infringement Contentions or for Leave to File a Sur-Reply ("Opposition").

3. Pursuant to Civil L.R. 79-5(e), portions highlighted in CMU's Opposition contain content that CMU in good faith believes Defendants have represented to the Court is "non-public, commercially sensitive and proprietary technical information pertaining to functionalities in [their] products" (Dkt. 114-115) and/or which they have designated as "Highly Confidential Attorneys' Eyes Only" under the Protective Order in this case. Where disclosure could result in commercial harm or unfair competitive disadvantage, good cause exists for sealing. *See Kamakana v. City and Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (holding that certain types of non-public, commercially sensitive documents may be protected from public disclosure). Further, the proposed sealing is narrowly tailored because it is limited to the information designated as commercially sensitive, generally unknown, and/or valuable trade secret information belonging to Defendants.

4. Pursuant to Civil L.R. 79-5(d)(2), a courtesy copy of CMU's entire filing, including the complete and unredacted versions of the foregoing document, will be lodged with the Court and served on counsel for Defendants in order to permit Defendants to satisfy their obligations under Civil L-R. 79-5(e).

I declare under penalty of perjury under the law of the United States of America that the foregoing is true and correct. Executed on July 24, 2019 at Pittsburgh, Pennsylvania.

                                             */s/ Christopher Verdini*
                                             Christopher Verdini