Harold H. Davis, Jr. (SBN 235552)
harold.davis@klgates.com
**K&L Gates LLP**
4 Embarcadero Center, Suite 1200
San Francisco, CA 94111
Tel: (415) 882-8200
Fax: (415) 882-8220

Patrick J. McElhinny, *pro hac vice*
patrick.mcelhinny@klgates.com
Mark G. Knedeisen, *pro hac vice*
mark.knedeisen@klgates.com
Christopher M. Verdini, *pro hac vice*
christopher.verdini@klgates.com
Anna Shabalov, *pro hac vice*
anna.shabalov@klgates.com
**K&L Gates LLP**
K&L Gates Center
210 Sixth Avenue
Pittsburgh, Pennsylvania 15222
(412) 355-6500

Theodore J. Angelis, *pro hac vice*
theo.angelis@klgates.com
**K&L Gates LLP**
925 Fourth Avenue, Suite 2900
Seattle, WA 98104
(206) 623-7580

*Counsel for Plaintiff
Carnegie Mellon University*

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| CARNEGIE MELLON UNIVERSITY,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>LSI CORPORATION and AVAGO TECHNOLOGIES U.S. INC.,<br><br>　　　　　　Defendants. | Case No.: 3:18-cv-04571-JD<br><br>**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO STRIKE PORTIONS OF PLAINTIFF'S CORRECTED REPLY OR FOR LEAVE TO FILE A SUR-REPLY**<br><br>Date: August 22, 2019<br>Time: 10:00 a.m.<br>Courtroom: 11 - 19th Floor<br>Hon. James Donato |

# TABLE OF CONTENTS

**Page**

I. Introduction ...........................................................................................................................1

II. Factual Background ..............................................................................................................2

III. Legal Standard ......................................................................................................................4

IV. Argument ..............................................................................................................................5

    A. Defendants Improperly Seek to Strike CMU's Rebuttal to Defendants' Argument that the Amended Contentions Change CMU's Infringement Theory. .....................................................................................................................5

    B. CMU Made the Relevant Arguments about Defendants' Claim Construction Position In its Opening Brief. ......................................................................................9

    C. CMU Addressed Reverse Engineering in Rebuttal to Defendants' Opposition. ................................................................................................................10

    D. Defendant's Cited Case Law is Inapposite. ..............................................................11

    E. Defendants Should Not Be Permitted to File a Sur-Reply. .....................................13

V. Conclusion ..........................................................................................................................14

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Altavion, Inc. v. Konica-Minolta Sys. Lab., Inc.*,
   C 07-06358 MHP, 2008 WL 2020593 (N.D. Cal. May 8, 2008) ...................................................13

*Altera Corp. v. PACT XPP Techs., AG*,
   14-cv-02868-JD, 2015 WL 928122 (N.D. Cal. Feb. 19, 2015) (Donato, J.) ................................10

*Avago Techs., Inc. v. IPtronics Inc.*,
   5:10-CV-02863-EJD, 2015 WL 4647923 (N.D. Cal. Aug. 5, 2015)................................................6

*Banga v. First USA, NA*,
   29 F. Supp. 3d 1270 (N.D. Cal. 2014) ........................................................................................13

*Bruce v. Woodford*,
   1:07-CV-00269-BAM PC, 2012 WL 1424166 (E.D. Cal. Apr. 24, 2012)..........................6, 10, 13

*Candee v. AT&T Wireless Mobility LLC*,
   C 08-04384 MHP, 2010 WL 4977666 (N.D. Cal. Dec. 2, 2010) .................................................11

*In re Capacitors Antitrust Litig.*,
   14-CV-03264-JD, 2017 WL 897340 (N.D. Cal. Mar. 7, 2017).....................................................12

*Cole v. Adam*,
   17-05691 BLF (PR), 2019 WL 1048251 (N.D. Cal. Mar. 4, 2019) ...............................................4

*Comcast Cable Commc'ns Corp., LLC v. Finisar Corp.*,
   C 06-04206 WHA, 2007 WL 716131 (N.D. Cal. Mar. 2, 2007) ....................................................8

*Finjan, Inc. v. Proofpoint, Inc.*,
   13-CV-05808-HSG, 2015 WL 9023166 (N.D. Cal. Dec. 16, 2015) ..............................................8

*Forto v. Capital One Bank, Nat'l Ass'n*,
   14-CV-05611-JD (MEJ), 2017 WL 4168529 (N.D. Cal. Sept. 20, 2017) ..................................2, 5

*Gen. Atomics v. Axis-Shield ASA*,
   C 05-04074 SI, 2006 WL 2329464 (N.D. Cal. Aug. 9, 2006)....................................................8, 9

*Graves v. Arpaio*,
   623 F.3d 1043 (9th Cir. 2010) ................................................................................................11, 12

*Internap Corp. v. Noction, Inc.*,
   C-15-03014-JD, Dkt. 74 (N.D. Cal. Jan. 6, 2016) (Donato, J.) .................................................1, 8

*Karl Storz Endoscopy-Am., Inc. v. Stryker Corp.*,
   14-CV-00876-RS (JSC), 2016 WL 2855260 (N.D. Cal. May 13, 2016) .......................................9

*In re Katz Interactive Call Processing Patent Litig.*,
    07-ML-01816-C-RGK, 2010 WL 3749833 (C.D. Cal. Jul. 2, 2010) ............................................12

*In re Large Scale Biology Corp.*,
    06-20046-A-11, 2007 WL 2859782 (Bankr. E.D. Cal. Sept. 25, 2007)..........................................6

*Oyarzo v. Tuolumne Fire Dist.*,
    1:11-CV-01271-SAB, 2013 WL 12304697 (E.D. Cal. Sept. 26, 2013) .........................................4

*In re PersonalWeb Techs., LLC*,
    18-MD-02834-BLF, 2019 WL 1975432 (N.D. Cal. Feb. 6, 2019)..................................................4

*Pham v. Fin. Indus. Regulatory Auth. Inc.*,
    12-CV-06374-EMC, 2013 WL 1320635 (N.D. Cal. Apr. 1, 2013).........................................11, 12

*Regents of Univ. of Cal. v. Affymetrix, Inc.*,
    17-CV-01394-H-NLS, 2018 WL 4053318 (S.D. Cal. Aug. 24, 2018)...........................................6

*Shamburger v. Dodson*,
    C 09-3745 JSW PR, 2011 WL 829266 (N.D. Cal. Mar. 3, 2011) .................................................4

*Smith v. City of Santa Clara*,
    876 F. 3d 987 (9th Cir. 2017) ................................................................................................11, 12

*The Hermetic Order of the Golden Dawn, Inc. v. Griffin*,
    C 05-00432 JSW, 2006 WL 3491003 (N.D. Cal. Dec. 1, 2006) .................................................13

*Think Village-Kiwi, LLC v. Adobe Sys., Inc.*,
    C 08-04166 SI, 2009 WL 3837270 (N.D. Cal. Nov. 16, 2009).....................................................5

*Viasat, Inc. v. Acacia Commc'n, Inc.*,
    316CV00463BENJMA, 2018 WL 3198798 (S.D. Cal. June 26, 2018) ......................................13

*Werner v. Liberty Life Assurance Co. of Bos.*,
    CV071506SJOAJWX, 2008 WL 11432070 (C.D. Cal. Jan. 8, 2008)..................................4, 8, 10

*Wren v. RGIS Inventory Specialists*,
    256 F.R.D. 180 (N.D. Cal. 2009)..................................................................................................5

*In re Yahoo! Inc. Customer Data Sec. Breach Litig.*,
    313 F. Supp. 3d 1113 (N.D. Cal. 2018) ......................................................................................11

*Zamani v. Carnes*,
    491 F.3d 990 (9th Cir. 2007) ......................................................................................................11

**Other Authorities**

Civil L.R. 7-3(c)..................................................................................................................................4

Standing Order for Civil Cases Before Judge James Donato .......................................................4, 13

1    Carnegie Mellon University ("CMU") files this Opposition to Defendants' Motion to Strike Portions of Plaintiff's Corrected Reply Brief in Support of its Motion for Leave to Amend Infringement Contentions or for Leave to File a Sur-Reply ("Motion"). Dkt. 123-4.

## I.  INTRODUCTION

Desperate to avoid addressing the merits of CMU's infringement claims, Defendants continue their campaign of distraction from the key issues by burdening this Court with yet another meritless procedural argument. Defendants improperly seek to prevent CMU from responding to arguments Defendants raised for the first time in their Opposition ("Opposition," Dkt. 114-4) to CMU's Motion for Leave to Amend its Infringement Contentions ("Motion for Leave," Dkt. 109). Defendants' bid to do so should be denied.

In its opening brief in support of the Motion for Leave, CMU established good cause to amend, namely that it acted diligently and Defendants will not suffer prejudice from CMU's amended infringement contentions. Dkt. 109. Defendants opposed CMU's Motion for Leave, claiming incorrectly that CMU changed its infringement theory in its amended contentions (it did not), even though such changes (had they been made) would be permissible. Indeed, the Local Patent Rules do not prevent a party from clarifying its infringement contentions as the case progresses and it discovers additional relevant information. As this Court has recognized, "[t]he patent local rules are not an iron cage and they afford some degree of flexibility, particularly before claim construction has taken place." *Internap Corp. v. Noction, Inc.*, C-15-03014-JD, Dkt. 74 (N.D. Cal. Jan. 6, 2016) (Donato, J.). In addition to its factually incorrect and irrelevant argument about changed infringement theories, Defendants raised erroneous and misleading factual arguments for the first time in their Opposition about CMU's purported ability to reverse engineer Defendants' products as supposed evidence that CMU had not acted diligently in seeking to amend.

CMU's Reply dismantled Defendants' flimsy Opposition arguments, demonstrating not only the inaccuracy of Defendants' assertions that CMU had changed its infringement theory and that CMU could and should have reverse engineered Defendants' chips, but also the irrelevance of those assertions under the legal standard governing motions to amend infringement contentions. *See* Dkt. 120-4. Undeterred, Defendants now ask the Court to strike portions of that Reply because they

1. purportedly raise "new" arguments. CMU, however, did not raise new arguments in its Reply that could and should have been made in its opening brief. Instead, CMU directly responded to and rebutted the erroneous assertions Defendants made in their Opposition. This Court has recognized reply briefs serve that very purpose. *See, e.g.*, *Forto v. Capital One Bank, Nat'l Ass'n*, 14-CV-05611-JD (MEJ), 2017 WL 4168529, at *2 (N.D. Cal. Sept. 20, 2017) (denying motion to strike reply "as the Reply responds to arguments Plaintiff raised in her Opposition"). Unable to file a sur-reply under this Court's Standing Order for Civil Cases, Defendants instead have turned to the guise of a motion to strike in a frantic attempt to have the last word. As grounds for their Motion, they claim CMU should be penalized because it did not predict Defendants would misstate CMU's positions and the factual record in their Opposition. The law does not require CMU to be so prescient. Defendants' Motion to Strike should be denied.

## II.  FACTUAL BACKGROUND

Defendants' Motion is the latest in a long line of maneuvers intended to distract from and delay the day of reckoning for their infringement. Those maneuvers, however, redound to their detriment on motions where CMU's diligence is at issue.

Defendants began by interposing frivolous objections to the production of even basic technical information, which the Court overruled on December 26, 2018. *See* Dkts. 50, 55; *see also* Dkt. 109 at 2-3. After the Court's December 26, 2018 Order, Defendants waited until February to begin producing documents on a "rolling basis," but refused to commit to a date certain for the substantial completion of their "rolling" production until the Court issued a deadline at CMU's request. *See* Dkts. 81, 89; Dkt. 109 at 3-4. Defendants likewise initially refused to make source code available for inspection and subsequently objected repeatedly to CMU's reasonable requests for source code print-outs. *See* Dkt. 109 at 4; Dkt. 120-4 at 3 n.2. As CMU has explained, these delays help establish CMU's diligent in seeking to amend its infringement contentions. *See* Dkt. 109 at 6-8. In addition, because Defendants' tactics delayed the scheduling of depositions (neither party has taken one yet), the status of discovery shows that Defendants are not prejudiced by CMU's proposed

amendments.[1]

Defendants also derailed the schedule for claim construction proceedings with vague arguments about the production of confidential information of their non-party competitor, Marvell. Having sat for months on Marvell's objection to the production of its confidential information, Defendants waited until the parties were in the midst of the claim construction process to even respond to Marvell. *See* Dkts. 80, 81. Defendants have since leveraged their purported, but only vaguely specified, need for Marvell's confidential information to stall claim construction briefing indefinitely. *See* Dkt. 108. As a result, the parties have not even begun claim construction expert discovery or briefing, thereby eliminating that too as a basis for any claim of prejudice.

Upon finally receiving confirmation that Defendants had substantially completed their production of technical documents, CMU promptly requested Defendants' consent to amend its infringement contentions ("Original Contentions"). Dkt. 109-8 at 2. In the request, CMU informed Defendants that the amendments would address "Defendants' production of nonpublic documents and source code reflecting the operation of the Accused Devices that CMU did not have before the service of its original infringement contentions." At Defendants' request, CMU sent the proposed amendments ("Amended Contentions") to Defendants. Dkt. 109-11 at 3-4. After 10 days, Defendants cryptically responded to CMU's request as follows:

> Defendants do not consent to CMU's proposed amended contentions as they reflect substantial and untimely substantive changes. CMU has not satisfied the good cause standard for amending the contentions.

*Id.* at 2. Thus, CMU filed its Motion for Leave, which Defendants opposed. Dkts. 109, 114-4. CMU filed a reply, which, among other things, responded directly to new arguments in Defendants' Opposition not previously raised to CMU. Dkt. 118-4.

Shortly after CMU filed its initial reply, Defendants notified CMU of an incorrect statement contained therein. Dkt. 123-6 at 4-5. Upon review prompted by an email from defense counsel, CMU's counsel determined that, during the editing process, they inadvertently had revised language in a single paragraph of CMU's initial reply to state incorrectly that a particular portion of CMU's Amended Contentions was verbatim identical to a portion of its Original Contentions, when it was in

---

[1] CMU served notices of depositions and third-party deposition subpoenas on June 28, but as of this filing, Defendants still have not provided available dates for the identified witnesses.

1  fact only substantively identical, not a word-for-word copy.  CMU treats its duty of candor to this

2  Court with the utmost seriousness and had no intention to mislead the Court.  Accordingly, CMU

3  immediately (on the same day as its initial filing) re-filed a fully corrected reply brief ("Reply").

4  Dkt. 120-4.  Despite CMU's immediate corrective action, Defendants chose to prominently highlight

5  the discussion of the correction in their Motion, even though the statement CMU corrected no longer

6  appears in the Reply and, thus, logically cannot serve as the basis for the relief Defendants seek in

7  their Motion, *i.e.*, striking portions of CMU's Reply.  Instead, Defendants base their request for

8  relief on the unsupportable argument that CMU was not permitted to respond substantively to

9  arguments that Defendants made in their Opposition because CMU should have anticipated

10 Defendants' arguments and addressed them preemptively in its opening brief.

## III.    LEGAL STANDARD

This Court permits parties to file a reply to an opposition as a matter of right but generally prohibits sur-replies.  Civil L.R. 7-3(c); Standing Order for Civil Cases before Judge James Donato at ¶ 15.  "The purpose of a reply is to respond to the nonmoving party's opposition."  *Werner v. Liberty Life Assurance Co. of Bos.*, CV071506SJOAJWX, 2008 WL 11432070, at *1 (C.D. Cal. Jan. 8, 2008); *Oyarzo v. Tuolumne Fire Dist.*, 1:11-CV-01271-SAB, 2013 WL 12304697, at *5 (E.D. Cal. Sept. 26, 2013) ("The purpose of allowing a reply is to permit the moving party to address issues that are raised for the first time in the opposition to the motion."); *see also Shamburger v. Dodson*, C 09-3745 JSW PR, 2011 WL 829266, at *5 (N.D. Cal. Mar. 3, 2011) ("[T]he arguments in the reply simply respond to the arguments and evidence raised in Plaintiff's opposition and supporting declaration.").

Accordingly, courts routinely deny motions to strike where the movant's reply argument or evidence responds to a matter raised by the non-movant's opposition.  *See, e.g.*, *Cole v. Adam*, 17-05691 BLF (PR), 2019 WL 1048251, at *6 (N.D. Cal. Mar. 4, 2019) (denying motion to strike declaration "submitted in direct response to Plaintiff's opposition," where the defendant was "merely responding to Plaintiff's opposition argument"); *In re PersonalWeb Techs., LLC*, 18-MD-02834-BLF, 2019 WL 1975432, at *1 (N.D. Cal. Feb. 6, 2019) (denying motion to strike where Amazon's argument on standing was "[i]n direct response to PersonalWeb's argument" raised in its opposition

and was "properly limited to responding to PersonalWeb's arguments in its opposition"); *Forto*, 2017 WL 4168529, at *2 (denying motion to strike reply based on "erroneous ground that it raises new argument not raised in its Motion" as the reply "responds to arguments Plaintiff raised in her Opposition"); *Wren v. RGIS Inventory Specialists*, 256 F.R.D. 180, 201 (N.D. Cal. 2009) (denying motion to strike reply where "the new declarations, as well as the arguments raised in the Reply, were largely within the scope of the issues raised by [defendant's] opposition"); *Think Village-Kiwi, LLC v. Adobe Sys., Inc.*, C 08-04166 SI, 2009 WL 3837270, at *7 (N.D. Cal. Nov. 16, 2009) (denying motion to strike material in reply submitted as response to issue raised in opposition).

## IV.   ARGUMENT

### A.   Defendants Improperly Seek to Strike CMU's Rebuttal to Defendants' Argument that the Amended Contentions Change CMU's Infringement Theory.

Defendants' entire argument for striking pages 6:6-8:1 of the Reply rests on their faulty assertion that the Amended Contentions include "strategic deletions" that substantively change CMU's infringement contentions.  *See, e.g.*, Dkt. 123-4 at 4-5.  Building on that false premise, Defendants assert that because CMU did not predict in its opening brief that Defendants would rely on a misinterpretation of CMU's Original Contentions, CMU is precluded from addressing this incorrect assertion in its Reply.  Defendants' position is untenable.

In its opening brief, CMU addressed the substance of its Amended Contentions.  Specifically, CMU expressly and repeatedly took the position that its Amended Contentions did not contain substantive changes to its infringement theories:

> [T]he Proposed Amended Infringement Contentions do not alter CMU's infringement theories, but provide additional detail using non-public information Defendants have produced.  In particular, CMU's use of source code and clarifying evidence from documents about the Accused Products produced by Defendants only after the service of CMU's initial contentions has not changed CMU's overarching infringement theories.  Rather, the Proposed Amended Infringement Contentions remain consistent with CMU's contentions served on December 21, 2018.

Dkt. 109 at 8-9; *see also id.* at 1 ("The proposed amendments rely on the same infringement theories that CMU disclosed in its initial infringement contentions.").  Defendants chose to contest that assertion for the first time in their Opposition by making the erroneous argument that certain deletions in the Amended Contentions reflected a change to CMU's infringement theories as it relates to the characterization of ▮

5
OPPOSITION TO MOTION TO STRIKE                                                          CASE NO. 3:18-cv-04571-JD

▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ In its Reply, CMU did not make any "new" arguments. Rather, CMU reasserted that the Amended Contentions did not change CMU's infringement theories and squarely responded to that single example proffered by Defendants, explaining why Defendants are wrong. This is precisely how briefing is intended to work. *See, e.g.*, *Bruce v. Woodford*, 1:07-CV-00269-BAM PC, 2012 WL 1424166, at *5 (E.D. Cal. Apr. 24, 2012) (declining to strike reply where it did not raise a "new theory," but instead "raised arguments in reply to Plaintiff's argument"); *In re Large Scale Biology Corp.*, 06-20046-A-11, 2007 WL 2859782, at *1 (Bankr. E.D. Cal. Sept. 25, 2007) ("Dow has not been sandbagged. The debtor's reply responds to defensive issues put in play by Dow's opposition.").[2]

As CMU explained in its Reply, CMU made *no statements* in its Original Contentions ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ and accordingly its Amended Contentions did not change CMU's infringement contentions with respect to ▉▉▉▉▉▉▉▉▉▉▉▉ Dkt. 120-4 at 6-7. In fact, CMU's position has been and continues to be that ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ *Id*. CMU's Amended Contentions merely clarify that position. *See Avago Techs., Inc. v. IPtronics Inc.*, 5:10-CV-02863-EJD, 2015 WL 4647923, at *10 (N.D. Cal. Aug. 5, 2015) (permitting amendments that "seek[] to clarify existing contentions"); *Regents of Univ. of Cal. v. Affymetrix, Inc.*, 17-CV-01394-H-NLS, 2018 WL 4053318, at *1, *4 (S.D. Cal. Aug. 24, 2018) (granting leave to amend invalidity contentions to, *inter alia*, "clarify" as to a particular reference).

Faced with an explanation of the consistency of CMU's position, Defendants seek to raise a substantive rebuttal in their Motion (without obtaining leave for sur-reply). They argue that "the only way" CMU's statement in its Original Contentions that there are ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ "is true is if the ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ Dkt. 123-4 at 6. This is simply wrong. CMU's statement does not require that ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ but rather is entirely consistent with

---

[2] Defendants cite no case law for their assertion that CMU was required to present in its opening brief "specific justification for each specific deletion or modification" in the Amended Contentions. Dkt. 123-4 at 4. Defendants' failure to cite any case law is not surprising. Imposing such a burden would unreasonably require movants to guess every argument an opposing party may make and punish movants who failed to guess correctly.

1  CMU's unchanged position that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

2  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮  In fact, to make their erroneous argument, Defendants

3  *again* selectively truncate a quotation from CMU's Original Contentions:

| *Defendants' Briefing* | *Original Contentions* (text omitted by Defendants italicized) |
|---|---|
| **Opposition -** "CMU's original contentions state that ▮▮▮▮▮▮▮ 'represents ▮▮▮▮▮▮▮▮▮▮▮▮ branch metric functions, because ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮….'" Dkt. 114-4 at 8 (emphasis omitted).<br><br>**Motion to Strike** - "CMU's statement in the original contentions that there are ▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮…" … contradicts CMU's newly feigned lack of position as to the status of ▮▮▮▮▮▮.'" Dkt. 123-4 at 6 (internal citation omitted). | "▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮" Dkt. 118-23 at 26. |

12  The full quotation from CMU's Original Contentions makes clear that Defendants' Accused

13  Products have ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

14  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮  The Amended Contentions take

15  the same position. *See, e.g.*, Dkt. 118-22 at 17 ("▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

16  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

17  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮).  Tellingly, Defendants themselves recognize

18  that CMU's purportedly "new" infringement theory is consistent with the position CMU took in the

19  *Marvell* Litigation. *See* Dkt. 114-4 at 9-10.  Thus, in asking this Court to conclude that CMU

20  changed its infringement theory in the Amended Contentions, Defendants would have this Court

21  believe that, in its Original Contentions, CMU illogically abandoned the position it successfully

22  asserted in *Marvell*, only to readopt that same position in its Amended Contentions.

23        That Defendants purportedly did not learn of the incorrectness of their assertions until the

24  Reply is a problem of Defendants' own making.  Defendants chose to stay silent about their

25  erroneous and unpredictable interpretation of CMU's Original Contentions during the parties'

26  communications prior to briefing on the Motion for Leave.  On May 22, CMU sought Defendants'

27  consent to amend its Contentions. Dkt. 109-8 at 2.  In Defendants' initial response, they complained

28  only that CMU purportedly waited too long to amend after receiving technical documents. *Id.* at

1  109-11 at 4. After requesting and promptly receiving CMU's proposed amended contentions, *id.* at
2  3-4, Defendants' complaints became even more general. Six days after receiving the amended
3  contentions, Defendants indicated they needed more time to review because of "substantial
4  changes." *Id.* at 2. Even after that additional review, five days later Defendants provided no more
5  information, simply refusing to consent to the amendments because of "substantial and untimely
6  substantive changes." *Id*. Over three weeks passed between CMU asking for consent to amend and
7  filing its Motion for Leave, so Defendants had plenty of time to communicate to CMU that they
8  believed the Amended Contentions altered CMU's infringement theories but chose not to do so.
9  And CMU had no reason to inquire further because, even if its infringement theories had changed
10 (they did not), CMU had been diligent in seeking to amend its Original Contentions and Defendants
11 would suffer no prejudice as a result, as CMU's briefing in support of its Motion for Leave
12 establishes.

13        Despite Defendants' failure to raise the matter earlier, they have now been put on notice of
14 their incorrect interpretation of CMU's infringement contentions. Defendants will have the benefit
15 of a corrected understanding as they move into claim construction, fact depositions, and expert
16 discovery, whereas absent CMU's Amended Contentions, Defendants may not have understood
17 CMU's position until depositions, summary judgment briefing, or even trial. Thus, the Amended
18 Contentions and CMU's Reply responding to Defendants' arguments have served precisely their
19 intended purpose. *See Finjan, Inc. v. Proofpoint, Inc.,* 13-CV-05808-HSG, 2015 WL 9023166, at *1
20 (N.D. Cal. Dec. 16, 2015) (contentions intended to "provide[s] structure to discovery and enable[s]
21 the parties to move efficiently toward claim construction and the eventual resolution of their dispute"
22 (citation omitted)); *Werner*, 2008 WL 11432070, at *1.

23        Perhaps more importantly, even if CMU's Amended Contentions did reflect a new
24 infringement theory, such a revision would be permissible. Infringement contentions are "not a
25 straitjacket into which litigants are locked from the moment their contentions are served." *Comcast*
26 *Cable Commc'ns Corp., LLC v. Finisar Corp.*, C 06-04206 WHA, 2007 WL 716131, at *2 (N.D.
27 Cal. Mar. 2, 2007); *see also Internap*, Dkt. 74 ("The patent local rules are not an iron cage and they
28 afford some degree of flexibility, particularly before claim construction has taken place."); *Gen.*

*Atomics v. Axis-Shield ASA*, C 05-04074 SI, 2006 WL 2329464, at *2 (N.D. Cal. Aug. 9, 2006) ("[P]reliminary infringement contentions are still preliminary.  Some room must therefore be made for patent owners to perfect their infringement theories.").  Indeed, the two-part test on good cause for leave to amend—diligence and prejudice—presupposes that amendments will be substantive changes; if amendments were not substantive, prejudice would not be a concern.  And here, Defendants cannot make a meaningful argument that they are prejudiced.  The parties have not yet begun claim construction briefing, fact witness depositions, or expert discovery, leaving Defendants plenty of time to address any purported change.[3]  *See Karl Storz Endoscopy-Am., Inc. v. Stryker Corp.*, 14-CV-00876-RS (JSC), 2016 WL 2855260, at *7 (N.D. Cal. May 13, 2016) ("Courts have found no prejudice where, as here, the proposed amendments did not pose a risk to discovery and motion deadlines or the trial schedule.").

### B. CMU Made the Relevant Arguments about Defendants' Claim Construction Position In its Opening Brief.

In another attempt to manufacture a basis to prevent CMU from directly responding to Defendants' Opposition, Defendants argue that CMU, in its Motion for Leave, should have provided a detailed explanation of Defendants' claim construction position and the substance of the Amended Contentions addressing that position.  Dkt. 123-4 at 4-5.  Defendants' argument misses the mark.  As CMU explained in its Motion for Leave to address diligence, the parties did not file their Joint Claim Construction Statement until April 5 and within six weeks, CMU sought Defendants' consent to amend its contentions to, *inter alia*, address Defendants' claim construction.  Dkt. 109 at 5; Dkt. 120-4 at 9.  The point of this argument and its significance under the applicable legal standard for allowing amendments is ***timing***, so CMU had no reason, and no obligation, to preemptively address the underlying ***substance*** of Defendants' claim construction in its Motion for Leave.  Indeed, Defendants do not argue in either the Opposition or the Motion that the substance of CMU's Amended Contentions addressing Defendants' claim construction position has any relevance to CMU's diligence or prejudice to Defendants.  Accordingly, there is no basis to strike page 8:2-13 of CMU's Reply.

---

[3] Moreover, Defendants' acknowledgement that, at a minimum, CMU's Amended Contentions are consistent with its contentions in *Marvell*, *see* Dkt. 114-4 at 9-10, gives Defendants access to substantially more information about CMU's theory than a typical defendant would have.

**C.     CMU Addressed Reverse Engineering in Rebuttal to Defendants' Opposition.**

Recognizing that their own delinquency in producing technical information about the Accused Products eviscerates their arguments about CMU's diligence, Defendants illogically argue that "[i]t was CMU's burden to establish" that Defendants' products cannot be reverse-engineered "in its Opening Brief … to justify its need for Defendants' documents as the basis for the proposed amended contentions." Dkt. 123-4 at 8. In seeking to strike CMU's response to Defendants' incorrect assertion, Defendants ask this Court to impose on CMU an obligation to guess that Defendants might wrongly suggest in their Opposition that their products can be reverse engineered and further to undertake to prove the negative in its opening brief, just in case. The law does not require a movant to have such clairvoyance. *See Werner*, 2008 WL 11432070, at *1 ("Here, Werner's opposition argued that the Plan was a payroll practice. Defendants' reply argued that it was not. Contrary to Werner's belief, it was not Defendants' responsibility to disprove Werner's payroll practice theory in their moving papers.").

In its Motion for Leave, CMU satisfied its burden to demonstrate diligence by, *inter alia*, explaining its efforts in seeking Defendants' confidential technical information and amending its infringement contentions in light of that discovery. *See Altera Corp. v. PACT XPP Techs., AG*, 14-cv-02868-JD, 2015 WL 928122, at *1 (N.D. Cal. Feb. 19, 2015) (Donato, J.) (explaining that the Local Patent Rules permit amendment upon a "timely showing of good cause" "which in turn requires a showing of diligence by the amending party and no undue prejudice to the other party"). Defendants contested CMU's claim of diligence by suggesting that CMU could and should have reverse-engineered Defendants' products, even though a plaintiff's effort to reverse engineer is by definition not the same as admissions in Defendants' own documents, which are the subject of CMU's Amended Contentions.[4] Dkt. 114-4 at 13. In direct response, CMU countered that Defendants' products could not, in fact, be reverse engineered. Dkt. 120-4 at 5.

---

[4] Defendants, in an attempt to concoct some prejudice, complain that "expert input" is needed to respond to CMU's argument that Defendants' products cannot be reverse engineered. Dkt. 123-4 at 8. If they could do so, Defendants should have proffered expert input in the first instance to support their assertion that CMU could and should have reverse engineered their products. They did not do so. *See* Dkt. 114-4 at 13 (citing no evidence regarding whether their product can be reverse-engineered).

      Defendants now pretend to be surprised, claiming CMU "chose to spring this argument in its reply brief for the first time," but they could and should have expected that CMU would dispute their claim on reverse engineering. *See Bruce*, 2012 WL 1424166, at *5 (explaining, where defendant's reply responded to plaintiff's opposition, "Plaintiff should have anticipated Defendants' arguments"). Moreover, CMU's Reply did not rely on any ***new*** information in doing so, but rather used information of which Defendants are, or should be, well aware—the Protective Order in this case, an opinion from the *Marvell* Litigation, and a public filing by CMU in the *Marvell* Litigation which CMU produced to Defendants on December 5. Dkt. 120-4 at 5; *see also Candee v. AT&T Wireless Mobility LLC*, C 08-04384 MHP, 2010 WL 4977666, at *12 (N.D. Cal. Dec. 2, 2010) (denying motion to strike deposition testimony excerpts submitted in reply, where "plaintiff's characterization of defendant's evidence as 'new' is misleading, [as] the proffered evidence is more aptly described as 'newly cited by [d]efendant … on reply'" and plaintiff had access to it prior to the filing of the motion). Thus, there is no basis to strike page 5:6-25 of the Reply.

      **D.     Defendants' Cited Case Law is Inapposite.**

      Defendants do not cite a single case in which a court required the movant to have the kind of foresight Defendants ask the Court to demand of CMU here. Instead, Defendants cite only case law indicating that a movant should not raise a ***new legal theory*** in a reply that it had available but chose not to raise or substantively argue in its opening brief. *See Smith v. City of Santa Clara*, 876 F. 3d 987, 995 (9th Cir. 2017) (movant argued for the first time in her appellate reply brief that there was insufficient evidence for the jury to determine officers had probable cause for a warrantless search, where probable cause was a requirement for such a search); *Graves v. Arpaio*, 623 F.3d 1043, 1048 (9th Cir. 2010) (movant argued for the first time in his appellate reply brief that the district court erred in allocating the burden of proof); *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) (movant claimed litigation privilege for first time in district court reply brief); *In re Yahoo! Inc. Customer Data Sec. Breach Litig.*, 313 F. Supp. 3d 1113, 1134 (N.D. Cal. 2018) (raising "two new contentions" in support of dismissal for the first time in reply); *Pham v. Fin. Indus. Regulatory Auth. Inc.*, 12-CV-06374-EMC, 2013 WL 1320635, at *1 (N.D. Cal. Apr. 1, 2013) (movant raised for the first time in a reply on a motion to reconsider new grounds for why certain parties should not have

1 been dismissed).⁵  These cases are inapposite because CMU did not raise a new basis for its Motion
2 for Leave in the Reply.  Instead, CMU addressed the two bases for its Motion for Leave in its
3 opening brief—its diligence and the lack of prejudice to Defendants—and then in its Reply refuted
4 Defendants' arguments raised for the first time in their Opposition.

This Court's opinion in *In re Capacitors Antitrust Litig.*, highlights that distinction.  14-CV-03264-JD, 2017 WL 897340 (N.D. Cal. Mar. 7, 2017) (Donato, J.).  There, the movant substantively argued a successor liability issue for the first time in its reply, even though it "***knew*** that the successor liability issue would be an issue in the Court's resolution of the jurisdictional motion." *Id.* at *1 (emphasis added).  In fact, the moving party set forth the relevant facts on successor liability in its opening brief, but "forewent a substantive discussion" in favor of a footnote that stated with no further analysis that reliance on successor liability by the non-moving party would be improper.  *Id.* The Court struck the successor liability argument and supporting evidence from the reply, explaining that "the Court will not permit this kind of sandbagging."  *Id.*  Here, CMU was not sandbagging, but instead responding directly to newly raised erroneous factual arguments made by Defendants that CMU had no way to anticipate.

Similarly, in *In re Katz Interactive Call Processing Patent Litig.*, the Court struck a new argument raised in defendant's reply in support of its motion for summary judgment.  07-ML-01816-C-RGK, 2010 WL 3749833, at *2 (C.D. Cal. Jul. 2, 2010).  In seeking summary judgment that the asserted patent was invalid as obvious, the defendant relied on two sets of references.  *Id.*  The defendant's opening brief, however, included only one sentence about the motivation to combine the one set and failed to include any such explanation for the second set.  *Id.*  The Court reasoned that it was inappropriate for the defendant to address motivation to combine only in the reply, because "[w]hether there exists a 'motivation to combine' is often ***the central issue*** in an obviousness defense" and on an issue "as critical as motivation to combine, [the plaintiff] is entitled to know

---

⁵ These cases also demonstrate that even the rule against raising a new argument in a reply is discretionary.  Courts can and do consider the substantive merits of such arguments.  *See, e.g., Smith*, 876 F.3d at 995-96 (indicating it was "inclined to consider [the new ground raised in reply] waived" but also substantively evaluating the new ground); *Graves*, 623 F.3d at 1048 (finding, substantively, no error by district court as to issue raised for first time in reply); *Pham*, 2013 WL 1320635, at *1 (rejecting newly raised theory "on the merits" in addition to finding waiver).

what arguments it should rebut." *Id.* (emphasis added).  Unlike the *Katz* defendant, CMU did not fail to address in its opening brief the "central issues" in the relevant inquiry for leave to amend, diligence and prejudice.  CMU's Reply then reaffirmed the positions it took in the opening brief, including by rebutting specific and largely irrelevant points raised for the first time by Defendants' Opposition.

### E. Defendants Should Not Be Permitted to File a Sur-Reply.

Defendants' own cited case law makes clear that a sur-reply is appropriate only to permit a party to respond to "a new argument or … new evidence in a reply brief." *See* Dkt. 123-4 at 9 (quoting *Banga v. First USA, NA*, 29 F. Supp. 3d 1270, 1276 (N.D. Cal. 2014)); *Altavion, Inc. v. Konica-Minolta Sys. Lab., Inc.*, C 07-06358 MHP, 2008 WL 2020593, at *1 n.1 (N.D. Cal. May 8, 2008) (allowing sur-reply where reply, *inter alia*, "posed new arguments").  As explained above, CMU's Reply did not introduce new argument or new evidence that Defendants could not have anticipated.  Rather, it responded directly to Defendants' Opposition, and did so in reliance on evidence fully available and known to Defendants.  *See Banga*, 29 F. Supp. 3d at 1276 ("[T]he Court finds that granting Plaintiff leave to file a sur-reply is not warranted.  Chase did not raise a new legal argument or present new evidence in its reply brief."); *Bruce*, 2012 WL 1424166, at *5 (explaining sur-replies are appropriate "when a party raises an entirely new, *unanticipated* argument[] in a reply").

Defendants' request for a sur-reply is a transparent attempt to have the last word, and that does not constitute good cause for extra briefing.[6]  *See Viasat, Inc. v. Acacia Commc'n, Inc.*, 316CV00463BENJMA, 2018 WL 3198798, at *1 (S.D. Cal. June 26, 2018) ("The Court finds ViaSat's request for leave to file a sur-reply as more of an attempt to have the last word on this issue instead of identifying new issues raised for the first time in the reply.  This is precisely why Courts so thoroughly disfavor requests to file sur-replies."); *The Hermetic Order of the Golden Dawn, Inc. v. Griffin*, C 05-00432 JSW, 2006 WL 3491003, at *3 (N.D. Cal. Dec. 1, 2006) ("It is evident from

---

[6] In fact, Defendants already take another bite at the apple without leave.  Defendants' Motion contains substantial argument intended to rebut the **substance** of CMU's Reply.  *See, e.g.*, Dkt. 123-4 at 8-9 (disputing CMU's descriptions of discovery matters).  This is a veiled attempt at filing a sur-reply without the permission this Court requires.  *See* Standing Order for Civil Cases Before Judge James Donato at ¶ 15 ("Sur-replies are not permitted.").

13

the motion to strike that [defendant] takes issue with [plaintiff]'s characterization of [defendant]'s position in opposing [plaintiff]'s motion for summary judgment and of [plaintiff]'s view of the application of the law to the facts of this case.  If [defendant] had sought leave to file a surreply addressing those issues in the manner in which he does in the motion to strike, the Court would have denied the motion.").

## V. CONCLUSION

For the foregoing reasons, CMU respectfully asks that this Court deny Defendants' Motion.

|   |   |
|---|---|
| Dated: July 24, 2019 | Respectfully submitted,<br><br>*/s/ Christopher M. Verdini*<br>Harold H. Davis, Jr. (SBN 235552)<br>harold.davis@klgates.com<br>**K&L Gates LLP**<br>4 Embarcadero Center, Suite 1200<br>San Francisco, CA 94111<br>(415) 882-8200<br><br>Patrick J. McElhinny, *pro hac vice*<br>patrick.mcelhinny@klgates.com<br>Mark G. Knedeisen, *pro hac vice*<br>mark.knedeisen@klgates.com<br>Christopher M. Verdini, *pro hac vice*<br>christopher.verdini@klgates.com<br>Anna Shabalov, *pro hac vice*<br>anna.shabalov@klgates.com<br>**K&L Gates LLP**<br>K&L Gates Center<br>210 Sixth Avenue<br>Pittsburgh, Pennsylvania 15222<br>(412) 355-6500<br>Theodore J. Angelis, *pro hac vice*<br>theo.angelis@klgates.com<br>**K&L Gates LLP**<br>925 Fourth Avenue, Suite 2900<br>Seattle, WA 98104<br>(206) 623-7580<br>*Counsel for Plaintiff*<br>*Carnegie Mellon University* |

### **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 24th day of July, 2019, the foregoing document was served on all counsel of record who have consented to electronic service via the Court's ECF system. Any other counsel of record who have not registered as an ECF user will be served by electronic transmission, facsimile transmission, or first class mail.

*/s/ Christopher M. Verdini*
Christopher M. Verdini