# KING & SPALDING

Steven J. Rizzi

King & Spalding LLP
1185 Avenue of the Americas, 35th Floor
New York, NY 10036-4003
Direct Dial: +1 212 556 2269
Direct Fax: +1 212 556 2222
srizzi@kslaw.com

August 26, 2020

Hon. James Donato
Phillip Burton Federal Building & United States Courthouse
Courtroom 11, 19th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

**Re:** *Carnegie Mellon University v. LSI Corporation et al.*; Case No. 3:18-cv-04571-JD

Dear Judge Donato:

LSI Corporation and Avago Technologies U.S. Inc. ("Defendants") move to compel Plaintiff Carnegie Mellon University ("CMU") to produce for deposition Aleksandar Kavcic, a CMU professor and named inventor/assignor of the patents-in-suit. Given the current September 28, 2020, close of fact discovery, Defendants request that CMU be ordered to produce Dr. Kavcic for deposition no later than September 15, 2020. Relatedly, in light of the delay in obtaining Dr. Kavcic's deposition, Defendants request an additional 45-days after the date of Dr. Kavcic's deposition for follow-up discovery, including on issues of invalidity, damages, estoppel and inequitable conduct. Given that the Court has not yet re-set the date for the technology tutorial or Markman hearing, or set a date for trial, there is no prejudice to CMU. The parties have met and conferred on this issue multiple times, including on August 25, 2020, and are at impasse.

## I. Factual Background

Dr. Kavcic, one of the two inventors listed on the face of the asserted patents, is identified in CMU's Rule 26(a) disclosures as likely to have information related to at least "conception and reduction to practice of the inventions claimed in U.S. Patent Nos. 6,201,839 and 6,438,180 (the "patents-in-suit"); application for the patents-in-suit; technology related to the patents-in-suit; communications with Defendants regarding technology related to the patents-in-suit." Despite Dr. Kavcic's knowledge of relevant facts, CMU has refused to produce Dr. Kavcic, and Dr. Kavcic has refused to sit, for a fact deposition until a separate dispute relating to an expert consulting agreement between Dr. Kavcic and LSI's parent, Broadcom, is resolved.

That dispute is presently pending before this Court in two separate proceedings, a motion to quash a deposition subpoena served by Defendants on Dr. Kavcic in this case, and a separate declaratory judgement action filed by Kavcic, as well as related counterclaims by Broadcom, concerning Dr. Kavcic's breach of his obligations under the consulting agreement.

The dispute relating to Dr. Kavcic's deposition is detailed in Defendants' opposition to Dr. Kavcic's pending motion to quash. *See* D.I. # 001 20-mc-80121-JD. In summary, the facts are:

- In late 2018, CMU conceded that Dr. Kavcic is an employee. In addition, Dr. Kavcic continues to maintain an appointment as adjunct faculty at CMU. *See* https://www.ece.cmu.edu/directory/bios/kavcic-aleksandar.html

- Defendants served a notice of deposition of Dr. Kavcic on counsel for CMU more than a year ago. Neither CMU nor Dr. Kavcic served objections to Defendants' notice of his deposition.
- In October 2019, a separate dispute arose between Dr. Kavcic and Broadcom relating to a 2016 consulting agreement between Dr. Kavcic and Broadcom in an earlier filed patent infringement case involving the same accused products as the products CMU accuses of infringement. That agreement was executed by Dr. Kavcic after he offered to assist in Broadcom's defense of that case, and precludes Dr. Kavcic from serving as an expert consultant to CMU in this case.
- In February 2020, Dr. Kavcic filed a declaratory judgment action relating to his consulting agreement with Broadcom, which seeks the Court's approval for Dr. Kavcic to serve as an expert consultant to CMU, notwithstanding his agreement with Broadcom to the contrary. Dr. Kavcic and CMU have refused to offer dates for Dr. Kavcic's fact deposition until that action is resolved.
- Defendants informed CMU and Dr. Kavcic that, in contrast to serving as an expert consultant to CMU, providing factual testimony in thelitigation between CMU and the Defendants would <u>not</u> violate his consulting agreement with Broadcom.
- Attempting to distance itself from Dr. Kavcic's improper refusal to sit for a fact deposition, CMU switched course in April 2020, and now takes the position that Dr. Kavcic is a third-party over whom it has no control. Yet CMU maintains that it intends to offer Dr. Kavcic's testimony at trial.
- Rather than burden the Court with motion practice over CMU's refusal to produce Dr. Kavcic for deposition, Defendants subpoenaed Dr. Kavcic in April 2020, butDr. Kavcic moved to quash the subpoena. , Defendants opposed that motion, and requested that the Court order him to sit for deposition.
- Dr. Kavcic and CMU continue to refuse to have Dr. Kavcic sit for deposition until the separate declaratory judgment action is resolved.
- In his motion to quash, Dr. Kavcic revealed for the first time that, notwithstanding the pending dispute over his refusal to sit for a fact deposition, he left the country for Serbia with no present plans to return to the United States.
- On the eve of this filing, CMU identified a June 2018 document as "bear[ing]" on CMU's control over Dr. Kavcic. However, CMU did not respond to a request for clarification as to whether this document precludes its ability to bring Dr. Kavcic to trial. Nor does this document address CMU's later contrary representations described above, or its contractual control over Dr. Kavcic as discussed below.

## II. Argument

### A. Dr. Kavcic is a "managing agent" within CMU's control

A party may identify an opposing party's "managing agent" to be deposed and notice that person for deposition under Rule 30(b)(1). *Botell v. United States*, 2013 WL 360410, at *3 (E.D. Cal. Jan. 29, 2013). "[T]he question of whether a particular person is a 'managing agent' is to be answered pragmatically, on an ad hoc basis, considering the facts of the particular case.'" *In re: Lithium Ion Batteries Antitrust Litig.*, 2016 WL 1161575, at *4 (N.D. Cal. Mar. 24, 2016) (citations omitted). At the discovery stage, "all doubts are to be resolved in favor of the party seeking

Page 3

discovery." *Id.* Thus, if there is "at least a 'close question' as to the managing agent status of a potential witness, doubts should be resolved in favor of allowing the deposition." *Id.*

CMU cannot credibly deny that Dr. Kavcic is under CMU's control and identifies with CMU's interests. In assigning his rights to the asserted patents to CMU, Dr. Kavcic covenanted, inter alia, to "testify as to [the purported invention] in any … litigation." That alone is sufficient to establish that Dr. Kavcic is contractually obligated to CMU to sit for a fact deposition. *Indus. Tech. Research Inst. v. LG Corp.*, 2012 WL 12883204, *1-2 (S.D. Cal. Dec. 4, 2012) (finding language in assignment agreement sufficient to obligate patent owner to produce a non-employee and non-U.S. resident inventor for deposition under Rule 30(b)(1)).

Further, in late 2018 CMU confirmed that Dr. Kavcic is an employee, and he continues to be listed as adjunct faculty on CMU's website. Dr. Kavcic also stands to receive 25% of any recovery by CMU in this case and was designated to testify on behalf of CMU in the prior Marvell litigation. Thus, while CMU may now dispute his status as an employee (despite its prior statements), its ability to require Dr. Kavcic to sit for a fact deposition is not seriously in dispute.

Dr. Kavcic's presence in Serbia is also not a valid basis to delay or preclude his deposition. Dr. Moura, the other named inventor, was just deposed remotely while he was in Portugal.

### B. Delaying Dr. Kavcic's deposition is highly prejudicial to Defendants

CMU and Dr. Kavcic do not dispute Defendants' right to a fact deposition of Dr. Kavcic. As one of the named inventors, Dr. Kavcic was intimately involved in the work underlying the purported inventions of the asserted patents. Dr. Kavcic also has unique factual knowledge relevant to estoppel and damages, both of which are significant issues in this case. Rather, because CMU and Dr. Kavcic wish him to continue to act as a litigation consultant to CMU in violation of his consulting agreement with Broadcom, they are holding his deposition hostage until Broadcom agrees that he can do so, or the Court resolves the dispute concerning this issue.

The prejudice to Defendants by this strategy is manifest. First, there is no guarantee that the declaratory judgment action will conclude prior to trial in this case, and CMU has indicated its intent to elicit Dr. Kavcic's testimony at trial even if Defendants are denied the opportunity to depose him. Nor can CMU credibly contend that there is no prejudice because Dr. Kavcic was deposed and cross-examined in the prior Marvell litigation. For example, this case implicates different issues of invalidity, and non-infringement. Dr. Kavcic also has information relating to damages and estoppel, both of which include issues that are unique to Defendants.

Second, even if the declaratory judgment action concludes prior to trial, and Defendants took Dr. Kavcic's deposition out of time, as CMU has proffered, the prejudice to Defendants would remain. For example, Dr. Kavcic's testimony is also relevant to an inequitable conduct defense that Defendants are pursuing through discovery. Having successfully prevented Defendants from deposing Dr. Kavcic for over a year, CMU has delayed Defendants' ability to seek leave to add this claim. In addition, Dr. Kavcic's deposition may reveal additional areas of inquiry relating to at least invalidity, damages, estoppel and inequitable conduct.

Equally troubling is the possibility that Dr. Kavcic be deposed after Defendants submit their expert reports or dispositive motions. For example, it would be unfair to expect Defendants' experts to opine on issues of conception, reduction to practice and invalidity without first deposing Dr. Kavcic on these issues. This would allow CMU and Dr. Kavcic the unfair advantage of coloring his testimony in response to the experts' opinions.

Sincerely,

*/s/ Steven Rizzi*

Steven Rizzi
Counsel for Defendants