UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARNEGIE MELLON UNIVERSITY,<br><br>Plaintiff,<br><br>v.<br><br>LSI CORPORATION, et al.,<br><br>Defendants. | Case No. 18-cv-04571-JD<br><br>**ORDER RE MOTIONS TO SEAL**<br><br>Re: Dkt. Nos. 143, 145, 149, 155, 157, 160, 174 |

A hallmark of our federal judiciary is the "strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). Public access maintains confidence in the fair and impartial administration of justice, and protects the integrity and independence of the courts. This is why the business of the federal judiciary is done in open court.

In limited circumstances, there may be grounds for curtailing public access. This is an exception to the rule, and so a party requesting that a document or evidence be sealed from the public needs to present a good reason explaining why. A particularized showing of good cause is required to seal documents related to non-dispositive motions, and a compelling reason supported by specific facts is needed before the Court will consider sealing records involving dispositive motions such as a summary judgment motion. *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006).

Both sides in this litigation have filed a slew of motions to seal discovery letters, claim construction documents, and briefs, declarations, and exhibits in connection with LSI's motion for partial summary judgement. All told, the parties seek to seal a mountain of records that ordinarily would be accessible to the public. While the sheer breadth of the sealing requests prompts

concerns, the main problem is that the parties often made a sub-par effort to justify their motions. Each side frequently offered perfunctory claims that a document contained "commercially sensitive," "proprietary," or "confidential" information relating to "Defendant's interactions with its customers," and other equally unilluminating statements. *See, e.g.*, Dkt. No. 145-1 ¶¶ 9, 11-13; *see also* Dkt. No. 155-1 ¶ 4. Such conclusory and unsupported formulations, which for example do not explain how a competitor would use the information to obtain an unfair advantage, are insufficient for sealing. *Ochoa v. McDonald's Corp.*, Case No. 14-cv-02098-JD, 2015 WL 13064913, at *1 (N.D. Cal. Apr. 13, 2015).

The sealing motions also violate our District's local rules. "A sealing order may issue only upon a request that establishes that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law." Civil L-R 79-5(b). "The request must be narrowly tailored to seek sealing only of sealable material." *Id.* In this case, the parties ask to seal documents and records on a wholesale basis, and with little discernable effort to limit sealing to genuinely protectable materials.

For purposes of illustration, the Court highlights an example of the questionable sealing requests. LSI filed with its summary judgment motion -- a dispositive motion that requires a compelling reason for sealing -- a request to redact two agreements that are key grounds of LSI's implied license defense. Dkt. No. 145 at 1 (motion); Dkt. No. 145-1 ¶¶ 6-7 (declaration); Dkt. Nos. 145-5, 145-6 (exhibits). These agreements are at least two decades old, and neither side says what harm, if any, might result from public access to them at this time. The fact that one or another party may have designated the agreements as confidential under the stipulated protective in this case merely begs the question of sealing. *See, e.g.*, *Foltz*, 331 F.3d at 1135; *see also Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (a stipulated "blanket protective order" is "by its nature overinclusive," especially if no individualized "good cause" showing is made before party designates document as protectible).

This example is just the tip of the iceberg. The Court declines to expend its own resources on cataloguing the full extent of the sealing problems. The better approach is to return this to the parties for corrective action that follows our local rules, the Court's sealing practices, and

1  governing law.  The Court would be well within bounds to order everything filed in the public
2  record, but it will give the parties a second chance to make a well-supported request to seal a
3  discrete number of records.  This opportunity does not apply to the evidence cited by the Court in
4  the partial summary judgment order, Dkt. No. 196.  The Court has determined that the parties
5  cannot establish compelling reasons for sealing that evidence.  *See Ctr. for Auto Safety v. Chrysler*
6  *Grp., LLC*, 809 F.3d 1092, 1097-99 (9th Cir. 2016); *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665,
7  673, 678 (9th Cir. 2010).  Good cause has not been established for the non-dispositive discovery
8  letter filing.  The parties are directed to file unredacted copies of these materials by October 2,
9  2020.

10  If the parties would like to try again for other materials, they may file a single consolidated
11  motion to seal identifying each document for sealing.  The parties must meet and confer on any
12  sealing disputes before filing the consolidated motion.  For those documents that the parties agree
13  should not be sealed, they must be filed on the public docket noting the docket number and pin
14  cite of the previous sealing request.  The parties must mail (not deliver) to Chambers a binder
15  containing all of the documents proposed for sealing, with consecutive tab numbers for each
16  document.  Each tab should contain an unredacted version of the document with the proposed
17  redactions highlighted in yellow.  The highlighting must allow the Court to easily read the
18  underlying text.  If the parties propose to redact an entire document, they should make a note on
19  the first page of the document and omit highlighting.  For long documents, they should include
20  only the pages with portions that the party wishes to seal.  No other materials should be in this
21  binder -- no arguments, declarations, or anything else.  In addition, a full copy of each unredacted
22  document with only the proposed redactions highlighted must be filed under seal on ECF.

23  Any renewed administrative motion to seal must be accompanied by a joint declaration
24  that states with particularity, and in a non-conclusory fashion, the factual bases supporting sealing
25  under the applicable legal standard.  Any disagreements should be noted in the joint declaration.
26  The parties must also provide a single proposed order in the table format specified in Civil Local
27  Rule 79-5(d)(1)(B) as modified here:  (i) the far left column should list the tab number for each
28  document; (ii) the next column should specify the exact portions to be sealed; (iii) the next column

1  should state succinctly the specific and particularized reason for sealing and give pin cites to the
2  declaration paragraphs supporting the reasons to seal; and (iv) the rightmost column should
3  provide a space for the Court to indicate whether the request is denied or granted.
4      These materials must be filed by October 9, 2020.  If no motion is filed, parties must file
5  unredacted copies of each of the documents previously sought to be sealed in the public docket by
6  October 16, 2020.
7      For any future motions to seal, the Court expects the parties will embrace this order and
8  use the same approach.  The Court advises the parties that it will restrict or bar the opportunity to
9  file future motions to seal if a party shows again an inability to conform to the governing
10  standards, the local rules, or the Court's orders.

**IT IS SO ORDERED.**

Dated:  September 18, 2020

_____
JAMES DONATO
United States District Judge