Kirk D. Dillman (SBN 110486)
kdillman@mckoolsmith.com
**MCKOOL SMITH, P.C.**
300 South Grand Avenue, Suite 2900
Los Angeles, California 90071
Telephone:   (213) 694-1200
Facsimile:   (213) 694-1234

Steven Rizzi (*pro hac vice*)
srizzi@McKoolSmith.com
Ramy E. Hanna (*pro hac vice*)
rhanna@McKoolSmith.com
**MCKOOL SMITH, P.C.**
1301 Avenue of the Americas, 32nd Floor
New York, New York 10019
Telephone:   (212) 402-9400
Facsimile:   (212) 402-9444

**COUNSEL FOR DEFENDANTS
LSI CORPORATION and AVAGO
TECHNOLOGIES U.S. INC.**

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CARNEGIE MELLON UNIVERSITY,<br><br>Plaintiff,<br><br>v.<br><br>LSI CORPORATION AND AVAGO TECHNOLOGIES U.S. INC.,<br><br>Defendants. | Case No. 3:18-cv-04571-JD<br><br>**DECLARATION OF STEVEN RIZZI IN SUPPORT OF PLAINTIFF'S ADMINISTRATIVE MOTION TO CONSIDER FILE UNDER SEAL (D.I. 275)** |

I, Steven Rizzi, hereby declare:

1. I am a Principal at the law firm of McKool Smith, counsel of record for the Defendants LSI Corporation and Avago Technologies U.S. Inc. in the above-titled action. I am admitted *pro hac vice* in the above-referenced action. I make this declaration based on my personal knowledge and, if called upon as a witness, could and would testify competently to the matters set forth below.

2. Pursuant to Civil Local Rule 79-5(f) and the Court's Standing Order for Civil Cases ("Standing Order"), I make this Declaration in support of Plaintiff's Administrative Motion to Consider File Under Seal (D.I. 275) excerpts from documents in CMU's Trial Brief (D.I. 276) and certain attached exhibits (D.1 276-1 to D.I. 276-8).

3. Pursuant to the Standing Order , Defendants identify the "good cause" standard set forth in *Kamakana v. City and County of Honolulu* as the appropriate standard under which to evaluate Defendants' sealing request. 447 F.3d 1172, 1178-80 (9th Cir. 2006) (holding that certain types of nonpublic, commercially sensitive documents may be protected from public disclosure); *see also In re Midland Nat'l Life Ins. Co. Annuity Sales Practices Litig. v. Allianz Life Ins. Co. of N. Am.*, 686 F.3d 1115, 1119 (9th Cir. 2012) (finding the presumption of access to judicial records does not apply where documents are filed with a non-dispositive motion).

4. Pursuant to Rule 28 of the Standing Order, LSI submits proposed redactions to CMU's Trial Brief (D.I. 276) and to Exhibits 1-6 and 8 (D.I. 276-1 to 276-6, 276-8). LSI is also publicly filing redacted versions of these documents consistent with its proposed redactions. LSI requests that Exhibit 7 (D.I. 276-7) remain sealed in its entirety.

5. LSI seeks to maintain confidentiality of these materials to safeguard its sensitive business and technical operations to avoid harming its own competitive standing. Courts regularly hold that good cause supports sealing such information because disclosing information related to a companies' business strategy can impose harm by allowing competitors to capitalize on a business's internal business decisions. *See Big Run Studios Inc. v. AviaGames Inc.*, 2024 WL 1364734, at *2 (N.D. Cal. Mar. 28, 2024) (good cause to seal "[c]onfidential business information"). Likewise, in view of the likely competitive harm, courts regularly conclude that good cause supports sealing

1

technical information about a party's products and services. *See Snapkeys, Ltd. v. Google LLC*, 2021 WL 1951250, at *2 (N.D. Cal. May 14, 2021) ("courts have found compelling reasons to seal information regarding a company's proprietary technology when the disclosure of that information would result in competitive harm."); *FTC v. Qualcomm Inc.*, 2019 WL 95922, at *2-3 (N.D. Cal. Jan. 3, 2019) (sealing documents that contained "detailed, non-public and confidential" information regarding "research and development activities").[1]

6. The highlighted portions of CMU's Trial Brief at page 2, line 4 and page 4, line 12 of CMU's Trial Brief reveals the number of non-covered SoC's sold to Toshiba and Western Digital during the damages period. This is confidential business information that reveals LSI's competitive positioning in the HDD arena. Competitors may capitalize on this commercially sensitive information by adjusting their pricing strategy because they would have an accurate understanding of LSI's sales volume. Doing so would undermine LSI's market standing. Thus, good cause exists to redact these highlighted portions of CMU's Trial Brief.

7. The highlighted portion on page 6, lines 26-28 of CMU's Trial Brief cites Exhibit 7 (D.I. 276-7), a true and correct copy of excerpts from a product specification document. As detailed below, LSI requests the underlying exhibit be sealed in its entirety. This portion of CMU's Trial Brief discloses specific competitively sensitive read channel architecture details that could cause Defendants competitive harm if disclosed because, for example, it could allow competitors, such as Marvell, to have information about Defendants' products that are not commercially available and that provide competitive advantages that are relevant to current or prospective products. Thus, good cause exists to redact these highlighted portions of CMU's Trial Brief.

8. The highlighted portion of CMU's Trial brief at page 7, lines 1-3 cites Exhibit 8 and reveals information pertaining to LSI's research and development activities that could cause

---

[1] In *Snapkeys*, the Court granted defendant's motion to seal confidential information concerning Google's smartwatch technology under the "compelling reasons" standard, a more stringent standard than the "good cause" standard, which is at case here. Also, in *FTC*, the Court granted defendant's motion to seal confidential information pertaining to research and development activities under the "compelling reasons" standard.

2

1  Defendants competitive harm if disclosed because, for example, it could allow competitors, such as
2  Marvell, to have information about Defendants' research and development activities that are not
3  commercially available and that provide competitive advantages that are relevant to current or
4  prospective products. *See FTC v. Qualcomm Inc.*, 2019 WL 95922, at *2-3 (N.D. Cal. Jan. 3, 2019)
5  (sealing documents that contained "detailed, non-public and confidential" information regarding
6  "research and development activities").  Thus, good cause exists to redact the highlighted portion
7  of Exhibit 8 at -083 and references thereto in CMU's Trial Brief.

8        9. Page 7, lines 5-12 of CMU's Trial Brief includes a screenshot from document LSI-
9  04571-0543239. This is an in-house document revealing details concerning LSI's simulation results
10 as part of its research and development.  This document reveals information pertaining to LSI's
11 research and development activities, including operation of simulation software, and details of
12 architectures that could cause Defendants competitive harm if disclosed because, for example, it
13 could allow competitors, such as Marvell, to have information about Defendants' products that are
14 not commercially available and that provide competitive advantages that are relevant to current or
15 prospective products. Thus, good cause exists to redact this excerpt from CMU's Trial Brief.

16       10. Page 7, lines 13-20 of CMU's Trial Brief includes a screenshot from document LSI-
17 04571-0712240. This in-house document was attached to an email chain shared among LSI
18 engineers working on architecture development. The document reveals details concerning LSI's
19 simulation results as part of its research and development, including operation of simulation
20 software, and details of architectures that could cause Defendants competitive harm if disclosed
21 because, for example, it could allow competitors, such as Marvell, to have information about
22 Defendants' products that are not commercially available and that provide competitive advantages
23 that are relevant to current or prospective products.  Thus, good cause exists to redact this excerpt
24 from CMU's Trial Brief.

25       11. Page 7, lines 4-18 of CMU's Trial Brief includes a screenshot from document LSI-
26 04571-0089929 which illustrates results of simulations. This document reveals information
27 pertaining to LSI's research and development activities, including operation of simulation software,
28

3

and details of architectures that could cause Defendants competitive harm if disclosed because, for example, it could allow competitors, such as Marvell, to have information about Defendants' products that are not commercially available and that provide competitive advantages that are relevant to current or prospective products. Thus, good cause exists to redact this excerpt from CMU's Trial Brief.

12. Exhibit 1 to CMU's Trial Brief is the excerpted deposition of LSI's damages expert Brian Napper. The highlighted portions at 211:14-20 and 212:4 reveal the number of non-covered SoC's sold to Toshiba and Western Digital during the damages period. This is confidential business information that reveals LSI's competitive positioning in the HDD arena. Competitors may capitalize on this commercially sensitive information by adjusting their pricing strategy because they would have an accurate understanding of LSI's sales volume. Doing so would undermine LSI's market standing. Thus, good cause exists to redact these highlighted portions of CMU's Trial Brief

13. Exhibit 2 to CMU's Trial Brief is Schedule 2.3 and corresponding notes attached to the expert report of CMU's damages expert Catharine Lawton. The highlighted portions reveal the number of SoCs sold during the damages period, percentage of total sales that the sales to each customer represents, and details of LSI's internal database tracking the same. This is confidential business information that reveals LSI's competitive positioning in the HDD arena. Competitors may capitalize on this commercially sensitive information by adjusting their pricing strategy because they would have an accurate understanding of LSI's sales volume. Doing so would undermine LSI's market standing. Thus, good cause exists to redact the highlighted portions of Exhibit 2.

14. Exhibt 3 to CMU's Trial Brief is the excerpted deposition of former LSI engineer Bruce Wilson. Highlighted portions at pages 96-98 and 158-160 describe competitively sensitive details of LSI's read channel architectures. *See Snapkeys, Ltd. v. Google LLC*, 2021 WL 1951250, at *2 (N.D. Cal. May 14, 2021) ("courts have found compelling reasons to seal information regarding a company's proprietary technology when the disclosure of that information would result in competitive harm"). In particular, the highlighted portions provide details of specific read

4

channel architectures that could cause Defendants competitive harm if disclosed because, for example, it could allow competitors, such as Marvell, to have information about Defendants' products that are not commercially available and that provide competitive advantages that are relevant to current or prospective products.

15. Exhibit 4 to CMU's Trial Brief is the excerpted deposition of former LSI engineer Weijun Tan. Highlighted portions at pages 97-102, 104 describe competitively sensitive details of LSI's read channel architectures and simulation programs. *See Snapkeys, Ltd. v. Google LLC*, 2021 WL 1951250, at *2 (N.D. Cal. May 14, 2021) ("courts have found compelling reasons to seal information regarding a company's proprietary technology when the disclosure of that information would result in competitive harm"). In particular, the highlighted portions provide details of specific simulator functionality and read channel architectures that could cause Defendants competitive harm if disclosed because, for example, it could allow competitors, such as Marvell, to have information about Defendants' products that are not commercially available and that provide competitive advantages that are relevant to current or prospective products.

16. Exhibit 5 to CMU's Trial Brief is the excerpted deposition of former employee James Bland. Highlighted portions on pages 46-47 reveal specific research and development practices. Highlighted portion on pages 173-174 include specific non-public terms in a response to request for quotation from Seagate. These highlighted portions reveal competitively sensitive, non-public information about LSI's business relationships with its customers that could cause LSI competitive harm if disclosed because, for example, it could allow LSI's competitors, such as Marvell, to have information relating to the specific product development processes between LSI and its largest customer, which a competitor could undermine or exploit.

17. Exhibt 6 to CMU's Trial Brief is the excerpted deposition of LSI employee Heather Christianson. The highlighted portions on pages commercially sensitive information pertaining to LSI's business policies with specific customers. These highlighted portions reveal competitively sensitive, non-public information about LSI's business relationships with its customers that could cause LSI competitive harm if disclosed because, for example, it could allow LSI's competitors,

5

such as Marvell, to have information relating to the specific product development processes between LSI and its largest customer, which a competitor could undermine or exploit, and provide information to LSI's customers not otherwise shared in the ordinary course of business which could impact LSI's pricing and other negotiations with customers.

18. Exhibit 7 to CMU's Trial Brief is an excerpted product specification. This document reveals information pertaining to LSI's proprietary technology. *See Snapkeys, Ltd. v. Google LLC*, 2021 WL 1951250, at *2 (N.D. Cal. May 14, 2021) ("courts have found compelling reasons to seal information regarding a company's proprietary technology when the disclosure of that information would result in competitive harm"). In particular, Exhibit 7 provides details of specific read channel architectures that could cause Defendants competitive harm if disclosed because, for example, it could allow competitors, such as Marvell, to have information about Defendants' products that are not commercially available and that provide competitive advantages that are relevant to current or prospective products. There is no alternative to sealing the entire document because all portions of the document include competitively sensitive details of LSI's read channel architectures.

19. Exhibit 8 to CMU's Trial Brief is an excerpt of an internal PowerPoint presentation. The highlighted portion of Exhibit 8 includes details of potential simulations that reveal competitively sensitive architecture information that could cause Defendants competitive harm if disclosed because, for example, it could allow competitors, such as Marvell, to have information about Defendants' products that are not commercially available and that provide competitive advantages that are relevant to current or prospective products.

I declare under penalty of perjury under the law of the United States of America that the foregoing is true and correct.

Executed on April 9, 2025 at New York City, NY.

Respectfully submitted,

By: */s/ Steven Rizzi*

6

RIZZI DECLARATION RE: SEALING D.I. 270-3                                    CASE NO. 3:18-cv-04571-JD

| | |
|---|---|
| 1 | |
| 2 | Steven Rizzi (admitted *pro hac vice*)<br>srizzi@McKoolSmith.com<br>**MCKOOL SMITH, P.C.**<br>1301 6th Avenue, 32nd floor<br>New York, NY 10019<br>Telephone: (212) 402-9400<br>Fax: (212) 402-9444 |
| 3 | |
| 4 | |
| 5 | *Counsel For Defendants*<br>*LSI Corporation and Avago*<br>*Technologies U.S. Inc.* |

7

## CERTIFICATE OF SERVICE

I hereby certify that on April 9, 2025, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the Electronic Service List for this case.

*/s/ Steven Rizzi*
Steven Rizzi