UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARNEGIE MELLON UNIVERSITY,<br><br>    Plaintiff,<br><br>    v.<br><br>LSI CORPORATION, et al.,<br><br>    Defendants. | Case No.  18-cv-04571-JD<br><br>**PROPOSED FINAL JURY INSTRUCTIONS** |

The Court proposes to give these final jury instructions after the close of evidence.

**IT IS SO ORDERED.**

Dated: April 30, 2025

JAMES DONATO
United States District Judge

INSTRUCTION NO. 1

DUTY OF JURY TO FIND FACTS AND FOLLOW LAW

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. You will each be given a copy of these instructions to refer to during your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you, whether you agree with it or not. You must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. You should also not be influenced by any person's race, color, religion, national ancestry, or gender.

All of this means that you must decide the case solely on the evidence before you. Please keep in mind that you took an oath to do so.

Do not read into these instructions or anything I may say or do that I have an opinion regarding the evidence or what your verdict should be. That is for you to decide.

INSTRUCTION NO. 2

CLAIMS AND DEFENSES

I will give you a brief summary of the positions of the parties.

The plaintiff is Carnegie Mellon University.

The defendants are LSI Corporation and Avago Technologies U.S. Inc.

Plaintiff alleges that Defendants infringed two patents owned by Plaintiff. The devices that Plaintiff alleges performed the patented methods include certain products sold by Defendants referred to as "systems-on-a-chip" or "SoCs." Those SoCs incorporated so-called "read channel" functions for reading data in hard disk drives. You are not being asked to decide whether Defendants or the devices sold by Defendants infringed or performed the patented methods.

Instead, in this trial, Plaintiff alleges that Defendants and certain of their customers performed simulations of read channel functions in connection with the development or testing of read channel functions of Defendants' SoCs. In particular, Plaintiff alleges that simulations of the operation of read channel functions were performed within the United States using real waveforms between September 1, 2011, and April 3, 2018. These are referred to as "Real Waveform Simulations." Plaintiff accuses those Real Waveform Simulations of infringing the patents. In this trial, you will decide whether Real Waveform Simulations were used.

INSTRUCTION NO. 3

BURDEN OF PROOF -- PREPONDERANCE OF THE EVIDENCE

When a party has the burden of proving any claim or fact by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or fact is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

INSTRUCTION NO. 4

WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

1. the sworn testimony of any witness;

2. the exhibits that are admitted into evidence;

3. any facts to which the lawyers have agreed; and

4. any facts that I may instruct you to accept as proved.

# INSTRUCTION NO. 5

## WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence, any facts to which the lawyers have agreed, and any facts that I may instruct you to accept as proved. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2. Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the Court's ruling on it.

3. Testimony that was excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence only for a limited purpose, you must do so, and you may not consider that evidence for any other purpose.

4. Anything you may have seen or heard when the Court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

6

INSTRUCTION NO. 6

DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

INSTRUCTION NO. 7

RULING ON OBJECTIONS

There are rules of evidence that control what can be received into evidence. When a lawyer asked a question or offered an exhibit into evidence and a lawyer on the other side thought that it was not permitted by the rules of evidence, that lawyer objected. If I overruled the objection, the question was answered, or the exhibit received. If I sustained the objection, the question was not answered, or the exhibit was not received. Whenever I sustained an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I ordered that evidence be stricken from the record and that you disregard or ignore that evidence. That means that when you are deciding the case, you must not consider the stricken evidence for any purpose.

# INSTRUCTION NO. 8

## CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness said, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

5. the opportunity and ability of the witness to see or hear or know the things testified to;
6. the witness's memory;
7. the witness's manner while testifying;
8. the witness's interest in the outcome of the case, if any;
9. the witness's bias or prejudice, if any;
10. whether other evidence contradicted the witness's testimony;
11. the reasonableness of the witness's testimony in light of all the evidence; and
12. any other factors that bear on believability.

Sometimes a witness may have said something that is not consistent with something else he or she said. Sometimes different witnesses gave different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

INSTRUCTION NO. 9

CHARTS AND SUMMARIES

Certain charts and summaries were shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. Some of those charts or summaries were admitted into evidence, while others were not. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

INSTRUCTION NO. 10

DUTY TO DELIBERATE

When you begin your deliberations, elect one member of the jury as your presiding juror who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Perform these duties fairly and impartially. Do not allow personal likes or dislikes, sympathy, prejudice, fear, or public opinion to influence you. You should also not be influenced by any person's race, color, religion, national ancestry, gender, sexual orientation, profession, occupation, economic circumstances, or position in life or in the community.

It is your duty as juror to consult with one another and to deliberate with one another with a view toward reaching an agreement if you can do so. During your deliberations, you should not hesitate to reexamine your own views and change your opinions if you become persuaded that it is wrong.

INSTRUCTION NO. 11

CONSIDERATION OF THE EVIDENCE -- CONDUCT OF THE JURY

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet social media site, blog, website or other feature. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the Court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the Court immediately.

INSTRUCTION NO. 12

USE OF NOTES

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

INSTRUCTION NO. 13

COMMUNICATION WITH THE COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through Ms. Clark, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone -- including me or Ms. Clark -- how the jury stands, numerically or otherwise, on any question submitted to you until after you have reached a unanimous verdict or have been discharged.

INSTRUCTION NO. 14

RETURN OF VERDICT

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict form according to your deliberations, sign and date it, and advise Ms. Clark that you are ready to return to the courtroom.